Opinion issued June 18, 2009














In The
Court of Appeals
For The
First District of Texas




NO. 01-08-00461-CR




IVAN ERNESTO LLANOS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the184th District Court
Harris County, Texas
Trial Court Cause No. 973636



MEMORANDUM OPINION

          Appellant, Ivan Ernesto Llanos,


 pleaded guilty to the offense of robbery with
an agreed punishment recommendation from the State. The trial court found
appellant guilty, followed the State’s recommendation as to punishment, and placed
appellant under the terms and conditions of community supervision for four years.
          Subsequently, the State filed a motion to revoke appellant’s probation that
alleged that appellant had violated the terms and conditions of his community
supervision by committing two offenses against the laws of the State of Texas:
criminal trespass and carrying a weapon. The motion to revoke also alleged technical
violations that included, among other things, a failure to report as ordered by the
court and a failure to maintain employment. After a hearing on the motion to revoke,
the trial court found that appellant had violated the terms and conditions of his
probation by failing to report for the months of January 2007 and February 2007, by
failing to provide verifiable employment, and by violating the laws of the State of
Texas by committing the acts of criminal trespass and carrying an illegal knife. The
trial court revoked appellant’s community supervision and sentenced appellant to
confinement for four years and assessed a $100 fine. Appellant gave notice of appeal.
          Appellant’s counsel on appeal has filed a brief stating that the record presents 
no reversible error, that the appeals is without merit and is frivolous, and that the
appeal must be dismissed or affirmed. See Anders v. California, 386 U.S. 738, 87 S.
Ct. 1396, (1967). The brief meets the requirements of Anders by presenting a
professional evaluation of the record and detailing why there are no arguable grounds
for reversal in these cases. Id. at 744, 87 S. Ct. at 1400; see also High v. State, 573
S.W.2d 807, 810 (Tex. Crim. App.1978). 
          Counsel represents that she has served a copy of the brief on appellant. 
Counsel also advised appellant of his right to examine the appellate record and file
a pro se brief. See Stafford v. State, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). 
More than 30 days have passed, and appellant has not filed a pro se brief. Having
reviewed the record and counsel’s brief, we agree that the appeal is frivolous and
without merit and that there is no reversible error. See Bledsoe v. State, 178 S.W.3d
824, 826-27 (Tex. Crim. App. 2005). 
          An appellate court has the power to correct and reform a trial judgment to make
the record speak the truth when it has the necessary data and information to do so. 
Nolan v. State, 39 SS.W.3d 697, 698 (Tex. App.—Houston [1st Dist.] 2001, no pet.)
(Citing Asberry v. State, 813 S. W. 2d 526, 529 (Tex. App.— Dallas 1991, pet. ref’d);
see also Tex. R. App. P. 43.2 (b). In this case, the trial court’s judgment incorrectly
states that appellant entered a plea of true to the State’s second amended motion to
revoke probation. The record supports modification of the judgment because the
court reporter’s record reflects that appellant entered a plea of not true. Accordingly,
the trial court’s judgment is reformed to reflect that appellant pleaded not true to the
State’s second amended motion to revoke probation.
          We affirm the judgment of the trial court and grant counsel’s motion to
withdraw.


 Attorney Patricia Segura must immediately send the notice required by
Texas Rule of Appellate Procedure 6.5(c) and file a copy of that notice with the Clerk
of this Court.
          Any pending motions are denied as moot.
PER CURIAM
Panel consists of Justices Keyes, Hanks, and Bland.
Do not publish. Tex. R. App. P. 47.2(b).